UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| IN RE PNC FINANCIAL SERVICES GROUP, INC. SECURITIES LITIGATION | : Case No. 2:02-cv-00271-DSC : : JUDGE CERCONE |
|---|---|
| THIS DOCUMENT RELATES TO ALL ACTIONS | : : : *Electronically Filed* |

### ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUNDS AND RESTITUTION FUND

**WHEREAS**, on July 13, 2006, this Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement dated May 7, 2004, which provided for payment of $36 million in settlement of this action as against PNC Financial Services Group, Inc. ("PNC"), James E. Rohr, Robert L. Haunschild, Samuel R. Patterson, AIG Financial Products Corp., Arnold & Porter LLP, and Buchanan Ingersoll PC; and

**WHEREAS**, on April 12, 2007, this Court entered an Final Order and Judgment approving the terms of the Stipulation and Agreement of Settlement dated December 19, 2006, which provided for payment of $9,075,000 in settlement of this action as against Ernst & Young LLP ("E&Y); and

**WHEREAS**, a $156 million Restitution Fund has been established for the benefit of the Class under the terms of (i) PNC ICLC Corp.'s, AIG Financial Products Corp.'s, and AIG-FP PAGIC Equity Holding Corp.'s of agreements with the United States Department of Justice, Criminal Division, Fraud Section and (ii) the Securities and Exchange Commission's judgment against American International Group Inc.; and

**WHEREAS**, the Plan of Allocation for distributing the Net Settlement Funds and the Restitution Fund to the Settlement Class Members has been approved by Orders which have become final and no longer subject to appeal; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulations and the Plan of Allocation; and

**WHEREAS,** the Final Order dated April 12, 2007 entered in connection with the E&Y Settlement directed that $82,500 of the amount awarded as attorneys' fees would be segregated and not paid out of the Gross Settlement Fund until after the Court has entered an Order of Distribution approving the distribution of the E&Y Net Settlement Fund; and

**WHEREAS**, this Court has retained jurisdiction of the above-captioned action (the "Action") for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proof of Claim forms ("Proofs of Claim") and the distribution of the Net Settlement Funds and the Net Restitution Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the Affidavit of Frank Barkan of RSM McGladrey, Inc. ("RSM McGladrey"), the claims processing agent retained by the Court-approved Claims Administrator, Louis W. Fryman, and the memorandum of law, and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator and RSM McGladrey accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Frank Barkan, including claims submitted after May 11, 2007 through and including October 31, 2007, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described

in the Affidavit of Frank Barkan be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that the remaining $82,500 in attorneys' fees payable to Plaintiffs' Counsel from the E&Y Settlement Fund, with interest at the same net rate that the Settlement Fund earns, shall be released and paid to Plaintiffs' Counsel upon the distribution of the Net Settlement Funds to the eligible claimants as provided in the next paragraph; and it is further

**ORDERED**, that Net Settlement Funds shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Frank Barkan in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that Net Restitution Fund shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Frank Barkan in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Funds and the Net Restitution Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Funds and the Net Restitution Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Funds and the Net Restitution Fund for such re-distribution. If after six months following such re-distribution any funds shall remain in the Net Settlement Funds, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Counsel. If any funds remain in the Net Restitution Fund after four years, they shall revert to the United States Treasury; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Funds are barred from making any further claim against the Net Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Funds to the eligible claimants and electronic or magnetic

media data not less than three years after the initial distribution of the Net Settlement Funds to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action; and it is further

**ORDERED**, that no claim submitted after October 31, 2007 may be accepted for any reason whatsoever.

Dated: Pittsburgh, PA
11-26, 2007

**BY THE COURT:**

THE HONORABLE DAVID S. CERCONE
UNITED STATES DISTRICT JUDGE